UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

------------------------------------------------------------------------x
IDALIA TELUS,                                           :      Civil Action No.
                                                        :      16-cv-24908
                              PLAINTIFF,                :
             v.                                         :      **COMPLAINT**
                                                        :
JENNY'S FASHION AND BRIDAL INC., and,                   :      Plaintiff Demands
SUNG W. LEE, individually, and,                         :      a Trial by Jury
HYON SOOK LEE, individually,                            :
                              DEFENDANTS.               :
------------------------------------------------------------------------x

Plaintiff IDALIA TELUS ("Ms. Telus " or "plaintiff"), by her attorneys, LEVINE & BLIT, PLLC, complaining of Defendants JENNY'S FASHION AND BRIDAL INC. ("Jenny's", "the company" or "defendant"), SUNG W. LEE, individually ("SUNG" or "defendant"), and HYON SOOK LEE, individually ("HYON" or "defendant") (collectively "defendants"), respectfully alleges upon information and belief:

### NATURE OF THE ACTION

1.      This action is brought to remedy unpaid overtime wages, in violation of the Fair Labor Standards Act ("FLSA").

2.      Defendants' actions were unlawful and Plaintiff seeks injunctive and declaratory relief, monetary, compensatory and punitive damages, liquidated damages, interest, attorneys' fees, and other appropriate legal and equitable relief pursuant to the FLSA, and such other further relief as this Court deems necessary and proper.

### JURISDICTION AND VENUE

3.      Jurisdiction of this Court is proper under 28 U.S.C. §1331, because the matter in controversy is a civil action arising under the Constitution, laws or treaties of the United States.

4.      Venue of this action in the Southern District of Florida under 28 U.S.C. §1391 is appropriate as Defendants have their principle place of business within the district, and as the

Southern District is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

5.      Plaintiff is an individual who resides in Plantation, FL.

6.      Upon information and belief, defendant Sung is a Florida resident, and is an owner and President of Jenny's.

7.      Upon information and belief, defendant Hyon is a Florida resident, and is an owner and Vice President of Jenny's.

8.      Defendant Jenny's is a domestic business corporation with a principle place of business at 5719 N. University Dr., Tamarac, FL 33321.

9.      At all times relevant to this action, Defendants were "employers" of Plaintiff within the meaning of the FLSA § 203(d).

10.     Upon information and belief, at all times relevant to this action, Defendant Jenny's has been an enterprise engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C § 207(a) insofar that it: (1) has had employees engaged in commerce or in the production of goods for commerce, and handles, sells or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (2) has had annual gross volume of sales not less than $500,000.

11.     At all time relevant to this action, defendant Sung served as Owner and President of Jenny's and, as such, held a supervisory position over the plaintiff, set plaintiff's rate of pay, set plaintiff's hours worked, determined that plaintiff would not be paid proper overtime wages, and otherwise was in a position of authority to undertake or recommend tangible employment decisions and/or control the terms and conditions of plaintiff's employment, including plaintiff's compensation,

with defendant Jenny's.

12.     At all time relevant to this action, defendant Hyon served as Owner and Vice President of Jenny's and, as such, held a supervisory position over the plaintiff, set plaintiff's rate of pay, set plaintiff's hours worked, determined that plaintiff would not be paid proper overtime wages, and otherwise was in a position of authority to undertake or recommend tangible employment decisions and/or control the terms and conditions of plaintiff's employment, including plaintiff's compensation, with defendant Jenny's.

13.     At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, and entitled to protection. At all times relevant to this action, Plaintiff performed services as employee for defendants within the Southern District of Florida.

14.     At all times relevant to this action, Plaintiff had the skills, experience and qualifications necessary to work in her employment position for the defendants.

## FACTUAL ALLEGATIONS

15.     Plaintiff began her employment tenure with defendants in or about 2008, and worked continuously for defendants until approximately May, 2016.

16.     Plaintiff was hired by Hyon and Sung, who also set plaintiff's rates of pay and job duties from the beginning of plaintiff's employment tenure with defendants to the end.

17.     Hyon and Sung supervised plaintiff throughout plaintiff's employment tenure, as well.

*Facts Related to Plaintiff's Unpaid Overtime Wages*

18.     Plaintiff's regular pay rate with defendants was $10/hour.

19.     Plaintiff's job duties from the beginning of her employment tenure  included providing customer service and stocking and restocking shelves in defendants' retail clothing business.

20.     Plaintiff's agreed upon work schedule from the beginning of her employment, as set by defendants, was five days per week for a total of forty (40) hours per week.

21.     However, soon after plaintiff began working for defendants, plaintiff was required to work no less than forty-nine (49) to seventy (70) hours per week, on a regular basis, despite her initially agreed upon forty (40) hour schedule.

22.     Plaintiff continued to work no less than forty-nine (49) to seventy (70) hours per week, on a regular basis, through the end of her employment tenure with defendants, in or about May 9, 2016, but was not paid overtime wages as required by law throughout her tenure.

23.     For example, in at least the last three years of her employment tenure with defendants, plaintiff's weekly work schedule for most of the weeks of each work year was no less than the following:

- Wednesdays, 10 am to 7 pm;
- Thursdays, 10 am to 7 pm;
- Fridays, 10 am to 9 pm;
- Saturdays, 10 am to 9 pm; and,
- Sundays, 10 am to 7 pm.

Plaintiff worked at least these hours just about each and every workweek for defendants in the last three years of her employment tenure.

24.     In addition to the above-stated work schedule, plaintiff was often required by defendants to arrive to work well before her usual start-time of 10 am, to make sure that the store was ready to open by 10 am. Therefore, plaintiff worked approximately at least two to three hours each workweek prior to her scheduled start-time.

25.     In addition to the above-stated work schedule, plaintiff was often required by defendants to stay well past her scheduled end-time, to make sure that the store was properly closed and

[4]

cleaned in preparation for the next work day. Therefore, plaintiff worked approximately at least two to three hours each workweek after her scheduled end-time.

26. In addition to the above-stated work schedule, plaintiff was often required by defendants to work six (6) or seven (7) days per week during the store's busy periods, and during times where other workers were unavailable on plaintiff's scheduled days off.

27. Throughout plaintiff's employment tenure, defendants intentionally refused to pay plaintiff proper overtime wages at 1.5 plaintiff's her regular rate of pay for hours over forty (40) in a workweek. In fact, defendants never paid plaintiff proper overtime wages even for a single workweek during her entire employment tenure with defendants.

28. On numerous occasions during her employment tenure, plaintiff spoke to Sun and Hyon, and requested that she be paid overtime wages. On all occasions, Sun and Hyon refused plaintiff's requests.

29. Defendants were aware or should have been aware that their pay practices, as alleged herein, were in violation of the FLSA, but willfully engaged in such unlawful pay practices regardless.

30. Defendants' non-payment of overtime wages was willful and without a good faith belief of compliance with the law; therefore, plaintiff is entitled to recover liquidated damages under the FLSA.

31. Due to defendants' intentional efforts to avoid paying plaintiff proper overtime wages throughout her employment tenure, plaintiff suffered significant damages in the form of unpaid overtime wages.

32. Accordingly, due to defendants' unlawful actions, plaintiff is owed the entirety of her unpaid overtime wages, plus all statutory damages associated with these unpaid overtime wages,

including liquidated damages, interest, attorneys' fees and costs.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages Under the FLSA)

33. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

35. Throughout the entirety of plaintiff's employment tenure with defendants, plaintiff worked no less than forty-nine (49) to seventy (70) hours per week for defendants, just about each and every workweek, as a non-exempt employee pursuant to the FLSA.

36. Defendants failed to pay Plaintiff overtime wages of 1.5 times her regular rate of pay for all hours worked in excess of forty in a workweek, throughout her employment tenure, in violation of 29 U.S.C. § 207(a).

37. Defendants failure to pay overtime premiums was willful.

38. As a result of Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, and an equal amount representing the statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, and interest, pursuant to the FLSA.

## JURY DEMAND

Plaintiff respectfully requests a trial by Jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court enter an award:

(a) declaring the acts and practices complained of herein are in violation of the FLSA;

(b) directing Defendants to pay Plaintiff her actual damages in an amount to be determined at trial for lost overtime wages, as provided by the FLSA;

(c) directing Defendants to pay Plaintiff's reasonable attorneys' fees, together with the costs and disbursements of this action; and

(d) directing such other and further relief as this Court deems just and equitable.

Dated: New York, New York
November 23, 2016

Respectfully Submitted,

LEVINE & BLIT, P.L.L.C.

_____

By: RUSSELL MORIARTY, ESQ. (RM 0224)

*Attorneys for Plaintiff, Idalia Telus*

Miami Center
201 South Biscayne Boulevard
Suite 2800
Miami, FL 33131
Phone: (305)913-1338
Email: RMoriarty@LevineBlit.com

[7]