UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 16-CV-62783-CIV-WILLIAMS

IDALIA TELUS,

    Plaintiff,

v.

JENNY'S FASHION AND
BRIDAL, INC., et al.,

    Defendants.

_____/

SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made on this July 28, 2020, by and between Idalia Telus ("Plaintiff") and Jenny's Fashion and Bridal, Inc., Jenny's Fashions, Inc., Lee & Lee Enterprises, Inc., Sung Lee and Hyon Sook Lee ("Defendants"). The Plaintiff and the Defendants are referred to herein collectively as "the Parties" to this Agreement.

RECITALS

WHEREAS, Plaintiff filed the above captioned lawsuit against the Defendants ("the Action") alleging that the Defendants are liable for, among other things, unpaid minimum wage, overtime wages, liquidated damages, penalties, attorneys' fees, and/or interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., all of which Defendants have from the outset denied and continue to deny; and,

WHEREAS, the Parties have considered that the interests of all concerned are best served by compromise, settlement and the dismissal of the Action with prejudice, and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interests; and,

Plaintiff represents that she has been advised to consult legal counsel regarding this Agreement and General Release and have done so and fully understand all of the provisions of this Agreement and General Release and has executed same freely and voluntarily.

8. <u>Non-Disparagement.</u>

The Parties agree not to disparage each other in any way, or say or do anything that would harm the reputation any of the Parties.

9. <u>Signatures.</u>

Emailed copies of the Parties' signatures shall be considered enforceable and in full equal dignity as original signatures.

_____
Idalia Telus

_____ July 30 2020
Jenny's Fashion and Bridal, Inc.

_____ 7-30-20
Jenny's Fashions, Inc.

_____ July 30 2020
Lee & Lee Enterprises, Inc.

_____ 7-30-20
Sung Lee

_____ July 30 2020
Hyon Sook Lee

WHEREAS, the Parties have engaged in settlement negotiations and as a result have agreed to settle the issues, matters and things in dispute among them in the Action pursuant to the terms of this Agreement.

NOW THEREFORE, in consideration of the mutual terms, conditions and covenants herein set forth, the Parties hereto agree as follows:

1. Settlement.

The Parties acknowledge and agree that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and should not to be construed as an admission by the Defendants of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as, an admission of any act or fact whatsoever, including but not limited to any violation of federal, state, local or common law, statute, ordinance, directive, regulation or order (including executive orders).

2. Payment to the Plaintiff.

Defendants shall pay to the Plaintiff the sum of Seventeen Thousand Five Hundred Dollars ($17,500.00) ("Settlement Sum") in one lump sum payment within ten days of the Court's approval of this Agreement. The Settlement Sum shall be paid to Plaintiff's Attorney's Trust Account. The Parties to this Action shall each bear their own legal fees and costs.

3. General Release and Waiver of Rights and Claims by the Plaintiff.

In return for the consideration described above, Plaintiff unconditionally releases and forever discharges Defendants, their agents, managers, officers, directors, employees, successors, and assigns, and all affiliated business entities, both individually and in their official capacities, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, costs, damages, torts, contracts, pain and suffering, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, judgments,

extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, which against Defendants, their heirs, executors, administrators, agents, successors, and assigns, which Plaintiff ever had, may now have or hereafter can, shall or may have from the beginning of time to the date this Agreement is executed by the Parties, including, but not limited to all claims under The Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

4. <u>No Other Payment Due.</u>

Except for the Settlement Sum, Plaintiff agrees that she is not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holidays, paid leave, or any other form or kind of payment or compensation from the Defendants for any work she performed for Defendants.

5. <u>Dismissal of The Action.</u>

Plaintiff shall voluntarily dismiss this Action, with prejudice, upon the payment and clearance of the Settlement Sum. Plaintiff promises and represents that she has not and will not file any administrative complaints or charges alleging improper payment of regular or overtime wages, with any federal, state or local agencies/administrative bodies.

6. <u>Entire Agreement.</u>

The Parties represent and acknowledge that they have carefully reviewed each and every word of this Agreement to ensure complete understanding of the Agreement's full effect and that it contains the entire understanding between them and that they are not relying upon any representations or statements, written or oral, made by or on behalf of any Party not set forth herein.

7. <u>Plaintiff's Consultation with Legal Counsel.</u>